## Williams v. Keystone Automobile Club

*Holman G. Knouse,* for plaintiff; *Harold B. Beitler,* for defendant.

LAMBERTON, J., October 31, 1932.—Plaintiff brought suit against defendant, alleging that on July 22, 1928, while riding in an automobile owned by defendant and driven by an employe of defendant, she was injured through the neg-

ligence of said employe. An affidavit of defense was filed by defendant, averring that the accident was not caused by the negligence of the employe of defendant; that at the time of the accident said employe was not in the course of his employment with defendant, but was solely under the direction and control of plaintiff; that on October 31, 1928, some three months after the accident, defendant paid to plaintiff $450, and in consideration of such payment plaintiff executed a full release.

The case was tried before Hon. Frank Smith on April 14, 15, 18 and 19, 1932, and the jury rendered a verdict in favor of defendant. Plaintiff filed a rule for a new trial, alleging only the formal reasons. On May 21, 1932, plaintiff filed a petition for leave to take depositions in support of the rule for a new trial, alleging misconduct on the part of jurors in the jury room, which petition was refused by this court.

In our judgment, the trial presented clear-cut issues of fact to be determined by the jury, and the verdict of the jury was amply warranted by the evidence. In fact, counsel for plaintiff does not make any complaint in regard to the conduct of the trial, but complains of the conduct of the jury. The matter is well summarized in the first paragraph of plaintiff's paper book, under the heading of "Argument," as follows:

"In the present case, plaintiff raises no question as to the introduction of testimony by the defendant, the rulings of the court nor the charge of his Honor. Her main reason for asking for a new trial is the attitude taken by one of the jurors."

The allegations in the petition for leave to take depositions are that counsel for plaintiff, on the day following the conclusion of the trial, was informed by three of the jurors that one of the two women impanelled in the jury, immediately on retiring, stated that she was in favor of a verdict for defendant, refused to consider any of the testimony or exhibits of plaintiff, stated that she would hold out all night rather than bring in a verdict for the plaintiff, and ultimately, by her unreasoning obstinacy, won over the other eleven members of the jury. There is the added averment that a brother of this woman juror is an adjuster for an insurance company, though there is nothing to indicate that the insurance company in question had any interest in this case.

The alleged misconduct in the jury room is not properly before us on this rule. We merely have an affidavit averring that certain members of the jury told counsel for plaintiff certain things. There is no direct evidence that these things occurred. Our real inquiry, therefore, is whether this court abused its discretion in refusing to permit counsel for plaintiff to delve into the secrecy of the jury room in an effort to substantiate his allegations. We are firmly of the opinion that such refusal on the part of this court was proper.

We believe that the proceedings of the jury room should be secret and should be kept secret, in the absence of fraud or manifest abuse. Throwing the full glare of publicity upon these proceedings would destroy the usefulness of our jury system. Secrecy in the jury room is as important as the secrecy of the ballot. If every verdict where one juror takes an unreasoning attitude could be upset, probably few would stand. The fact is that, by the common sense of all, the unreasonableness of a few is generally overcome. It does not seem likely that one woman, without rhyme or reason, could convert eleven other jurors to her point of view. In fact, there is no averment as to how many of the other jurors were originally opposed to her. There is no averment of fraud, but merely an averment of obstinacy and bias. It must be an exceptional case where the secrets of the jury room should be exposed in public, and this case is not of that kind.

We come the more readily to this conclusion because we are of the opinion that no injustice has been done. While the questions involved were properly for the jury, we strongly feel that the conclusion of the jury was correct. And now, to wit, October 31, 1932, the rule for a new trial is discharged.